IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID R. WILSON,

        Petitioner,               No. CIV S-07-2087 GEB EFB P

    vs.

SUZAN L. HUBBARD,

        Respondent.

FINDINGS AND RECOMMENDATIONS

      /

      Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that the petition is second or successive, untimely, and that petitioner has failed to exhaust his state court remedies. *See* 28 U.S.C. §§ 2244(b), 2244(d), 2254(b)(1). As explained below, the petition is second or successive, and this court lacks jurisdiction to consider it.

      A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007*)*; *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order

1

from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

On August 2, 2000, petitioner was sentenced in the Placer County Superior Court to state prison for a term of 33-years to life. Pet. at unnumbered page 41 (Abstract of Judgment). On April 4, 2003, petitioner filed a petition for writ of habeas corpus in this court challenging that judgment of conviction. *Wilson v. Yarborough*, No. 2:03-cv-0703 MCE CMK, Docket No. 1.[1] On August 21, 2006, judgment was entered dismissing the petition on its merits and the district judge declined to issue a certificate of appealability. *See id.* at Docket Nos. 35, 36, 39. In the instant petition, petitioner challenges the use of prior convictions in calculating his August 2, 2000 sentence, and also raises a claim of ineffective assistance of counsel. Am Pet. at 5.

The court finds that in each application petitioner challenges the judgment of conviction for which he currently is serving a sentence of imprisonment. Thus, the petition in this action is second or successive. In his opposition brief, petitioner argues that the petition is not successive because his grounds for relief rest on new law. However, even if petitioner's claims rest on new law, this court still lacks subject-matter jurisdiction over the petition because it challenges the same state court judgment that petitioner previously challenged in this court. *See Burton*, 549 U.S. 147. Petitioner makes no showing that he has obtained an order from the appellate court authorizing this court to consider the November 5, 2007 amended petition. *See* 28 U.S.C. § 2244(b)(3)(A). Consequently, respondent's motion to dismiss must be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's May 22, 2008 motion to dismiss be granted; and,

////

////

////

---

[1] A court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980).

2. This action be dismissed on the ground that the petition is second or successive and petitioner has not demonstrated that the Ninth Circuit has granted him leave to file it in this court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 30, 2009.

                                    /s/ Edmund F. Brennan
                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE